UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GEORGE BERGIN | § |
| | § |
| v. | § CIVIL NO. 4:20-CV-017-SDJ |
| | § |
| THE STATE OF TEXAS, ET AL. | § |

## MEMORANDUM OPINION AND ORDER

Local authorities in Hopkins County, Texas determined that livestock owned by Plaintiff George Bergin, a self-described "cattle rancher," were being mistreated. Acting under the provisions of Chapter 821 of the Texas Health and Safety Code, a Hopkins County justice of the peace issued a warrant for the seizure of cattle from Bergin's land for the "unreasonable deprivation of necessary food, care, and shelter." (Dkt. #22). According to Bergin, 605 cattle were removed from his property and ultimately sold at auction weeks later, and he was assessed fines in excess of $250,000 for cruel treatment of the animals.

Bergin has filed suit against Defendants the State of Texas, Lewis Tatum, as Sheriff of Hopkins County and Individually, and Dusty Rabe, as Hopkins County Attorney and Individually. Bergin has also included Texas Attorney General Ken Paxton in the lawsuit, alleging that his claims against the State of Texas are made "by and through Ken Paxton in his official capacity as the Texas Attorney General."[1] Although not a model of clarity, it appears that Bergin's First Amended Complaint,

---

[1] Because Attorney General Paxton is named a defendant only in his official capacity, this Memorandum Opinion and Order refers to the State of Texas and Attorney General Paxton collectively as "the State Defendants."

1

his live pleading, asserts four claims that various provisions of Chapter 821, as applied to him, violate the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as an additional claim that Chapter 821's provisions also violate the Texas Constitution.

Before the Court is the State Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. #26), in which Defendants the State of Texas and Attorney General Ken Paxton argue that Bergin's claims against them should be dismissed for lack of subject-matter jurisdiction. Because Bergin did not respond to the State Defendants' motion, the Court presumes that Bergin does not controvert the representations made therein. *See* Local Rule CV-7(d). Among the State Defendants' arguments for dismissal is the assertion that Bergin's suit as to the State of Texas and Attorney General Paxton in his official capacity is barred by Eleventh Amendment immunity and the *Ex parte Young* exception does not apply. The Court agrees and therefore concludes that the motion should be **GRANTED**.

I. BACKGROUND

A.  Texas Health and Safety Code Chapter 821

Texas Health and Safety Code Chapter 821, concerning the "Treatment and Disposition of Animals," authorizes local authorities throughout the State of Texas to undertake certain actions to prevent, mitigate, and punish the mistreatment of animals. *See, e.g.*, TEX. HEALTH & SAFETY CODE §§ 821.001–.025. As relevant here, Section 821.022 provides that, if "a peace officer or an officer who has responsibility for animal control in a county or municipality has reason to believe that an animal has been or is being cruelly treated," the officer may apply to "a justice court or

2

magistrate in the county or to a municipal court in the municipality in which the animal is located" for a warrant to seize the animal. *Id.* § 821.022(a). If probable cause is shown that the animal has been or is being cruelly treated, the local court or magistrate "shall issue the warrant" and set a hearing in the appropriate justice court within ten days to determine whether the animal has been mistreated. *Id.* § 821.022(b).

If the justice court ultimately determines that an animal has been cruelly treated, the statute provides that the owner "shall be divested of ownership of the animal" and the court shall order the public sale of the animal by auction, order the animal to be given to a local government animal shelter or a nonprofit animal welfare organization, or under certain circumstances order the animal humanely destroyed. *See id.* § 821.023. An owner divested of ownership of an animal under Section 821.023 may appeal that decision to a county court or county court at law in the county in which the justice or municipal court is located. *Id.* § 821.025(a). The decision of the county court or county court at law is final and may not be appealed. *Id.* § 821.025(e).

**B.     Bergin's Lawsuit**

As described by Bergin, in December 2017, a Hopkins County justice of the peace issued a warrant for the seizure of Bergin's cattle under Section 821.022 based on allegations that Bergin was not adequately feeding his cattle. As a result, the Hopkins County Sheriff's Department arrested Bergin and seized all 605 cattle and four donkeys from his property. Bergin was charged with the crime of cruelty to livestock animals, and, after a hearing to determine whether impoundment of the

livestock was warranted, the animals were sold at an auction. Bergin was also assessed a civil penalty in excess of $250,000.

Bergin disputes both the procedural sufficiency and the merits of his arrest and the seizure and sale of his livestock. According to Bergin, the warrant for the seizure of his cattle was defective, there was no warrant for his arrest, the hearing regarding the seizure of his cattle did not afford him an adequate opportunity to present his case, and the county officials—including the local county attorney who prosecuted the case against him—ignored contrary evidence that showed Bergin was not mistreating his cattle. Based on these contentions, Bergin asserts that, as applied to him and the seizure of his livestock, the provisions of Chapter 821 of the Health and Safety Code violate the Fourth Amendment's search and seizure provisions, the Fifth Amendment's due-process protections, the Eighth Amendment's Excessive Fines Clause, and the Privileges or Immunities Clause of the Fourteenth Amendment. Bergin further claims that Chapter 821 violates his rights under the Texas Constitution, Article I, Sections 9, 13, and 19, "because [Bergin] has been unreasonably searched, seized, deprived of his property, not given due process of law, and fined excessively both monetarily and in kind, under law." (Dkt. #22 at ¶¶ 25–26).

Bergin seeks money damages for the loss of his cattle and the cost of posting bail for his arrest. Bergin also requests a judgment declaring that Chapter 821 is "unconstitutional as applied against those who practice widely accepted animal husbandry and agricultural practices, and [Bergin] specifically," and a permanent injunction enjoining Defendants from enforcing Chapter 821 "against practitioners of widely accepted animal husbandry and agricultural practices." (Dkt. #22 at 20).

4

The State Defendants argue that the Court lacks subject-matter jurisdiction over Bergin's claims against them for two reasons. First, the State Defendants contend that Bergin lacks Article III standing to assert his claims against them. Second, the State Defendants maintain that Bergin's claims are barred by the State's Eleventh Amendment immunity. When a court's jurisdiction is challenged on multiple grounds, the court may dispose of the case on any of the asserted grounds. *See Walmart Inc. v. U.S. Dep't of Just.*, No. 4:20-CV-817-SDJ, 2021 WL 410618, at *6 (E.D. Tex. Feb. 4, 2021) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)). Because the Court concludes that the State's immunity from suit under the Eleventh Amendment bars Bergin's claims and the *Ex parte Young* exception does not apply, the Court does not address the State Defendants' assertion that Bergin lacks Article III standing.

## II. LEGAL STANDARD

Federal district courts exercise limited subject-matter jurisdiction. When a specific basis for subject-matter jurisdiction over a claim is absent, a district court has no power to adjudicate the claim. *See Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."). Accordingly, Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for the dismissal of claims based on a "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). The State Defendants have moved to

dismiss Bergin's claims based on lack of subject-matter jurisdiction, thereby invoking Rule 12(b)(1).

Because Rule 12(b)(1) applies, the Court must consider whether the attack on the complaint is facial or factual. *Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 F.App'x 260, 263 (5th Cir. 2020) (per curiam). A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges jurisdiction based solely on the pleadings. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When ruling on a facial attack, the court must presume that factual allegations in the complaint are true and determine whether they establish subject-matter jurisdiction. *Id*. By contrast, a Rule 12(b)(1) motion presents a factual attack when the motion is accompanied by supporting evidence that contradicts the jurisdictional allegations in the complaint. *Id*. Here, the State Defendants did not file any evidence accompanying their Rule 12(b)(1) motion and have therefore mounted a facial attack to the Court's subject-matter jurisdiction. Accordingly, the Court will accept Bergin's allegations as true and determine whether those allegations allow him to proceed against the State Defendants notwithstanding Texas's Eleventh Amendment immunity.

### III. DISCUSSION

The Eleventh Amendment confirms that sovereign immunity generally bars suits in federal courts by private parties against nonconsenting States. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). This sovereign immunity bar extends to actions against state

officers in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 663–69, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

"Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014); *see also Pennhurst*, 465 U.S. at 99–102 (1984). In this case, the State of Texas has not consented to suit and Bergin has not pointed to any statute that abrogates Texas's sovereign immunity and confers subject-matter jurisdiction. Bergin's claims against the State of Texas are therefore barred. *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (explaining that, "unless the state has waived sovereign immunity or Congress has expressly abrogated it, the Eleventh Amendment bars the suit").

Because Bergin has also named Attorney General Paxton in his official capacity in this suit, the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), presents the only potential path forward for Bergin's claims. Under the *Ex parte Young* doctrine, a party can seek prospective relief against a state officer acting in his official capacity based on an alleged ongoing violation of federal law. *See Air Evac EMS, Inc. v. Tex., Dept. of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515–16 (5th Cir. 2017). The doctrine relies on the legal "fiction" that a federal court does not violate state sovereignty when it orders a state official to do nothing more than uphold federal law under the Supremacy Clause. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011). For the exception to apply, the state official, "by virtue of his office," must have "some

connection with the enforcement of the [challenged] act, or else [the suit] is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Young*, 209 U.S. at 157. The text of the challenged law need not actually state the official's duty to enforce it, although such a statement may make that duty clearer. *Id.*

The inquiry into whether a suit is subject to the *Young* exception does not require an analysis of the merits of the claim. *See Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 646, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). Instead, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Va. Office*, 563 U.S. at 255 (alteration in original) (quoting *Verizon*, 535 U.S. at 645).

To the extent Bergin attempts to rely on *Ex parte Young*, his claims fail. To begin, Bergin's First Amended Complaint does not meet the *Young* exception because it does not allege any ongoing violation of federal law, but rather looks backward to seek relief for the seizure and sale of his livestock by local Hopkins County, Texas authorities in 2017. *See Edelman*, 415 U.S. at 677 (limiting *Young* exception to prospective relief); *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992) ("The essential ingredients of the *Ex parte Young* doctrine are that a suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect.").

The Court must also consider whether Bergin has named the proper defendant or defendants. In this regard, "[w]here a state actor or agency is statutorily tasked with enforcing the challenged law and a different official is the named defendant," the *Young* analysis ends. *City of Austin*, 943 F.3d at 998. Where no state official or agency is named in the statute in question, the Court must consider whether the state official actually has the authority to enforce the challenged law. *Id.*

Nothing in Chapter 821 of the Texas Health and Safety Code indicates that the Texas Attorney General is specifically charged with its enforcement. Further, even if the Court assumes that the Attorney General has some general authority to enforce Chapter 821, the Attorney General lacks a sufficient connection to the enforcement of Chapter 821 to be subject to the *Ex parte Young* exception. Although the precise scope of the requirement for a connection has not been defined by the Fifth Circuit, the plaintiff at least must show the defendant has "'the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.'" *Texas Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) (quoting *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014)). "Determining whether *Ex parte Young* applies to a state official requires a provision-by-provision analysis, *i.e.*, the official must have the requisite connection to the enforcement of the particular statutory provision that is the subject of the litigation." *Id.*

Here, there is no discernable connection whatsoever between the Attorney General and the enforcement of the challenged provisions of Chapter 821. To the contrary, on their face, the sections of Chapter 821 that Bergin maintains are unconstitutional contemplate enforcement of animal-cruelty protections by local

9

authorities in Texas, not the Attorney General. *See* TEX. HEALTH & SAFETY CODE § 821.022(a) (providing that when local peace officers and animal-control officers have reason to believe that an animal has been or is being cruelly treated, they may apply to a local justice court, county magistrate, or municipal court "in the municipality in which the animal is located" for a warrant to seize the animal); *id.* § 821.023 (authorizing a local justice court to determine whether an animal has been cruelly treated); *see also supra* Part I.A. And, at least in Bergin's case, it was the local county attorney that prosecuted the case against him once his livestock were seized, not the Attorney General. (Dkt. # 22 at ¶20). Bergin does not allege that the Attorney General has any particular duty to enforce Chapter 821, nor does Bergin allege any demonstrated willingness by the Attorney General to exercise such a duty. Likewise, Bergin does not point to even a single instance in which the Attorney General has played any role in enforcing Chapter 821.

For all of these reasons, the Court concludes that the *Ex parte Young* exception does not apply in this case.[2]

---

[2] Bergin suggests that the Attorney General is an appropriate party because the Attorney General "is charged with defending the State's interests in all proceedings where the constitutionality of a State law is at issue." (Dkt. #22 at ¶9) (citing Section 37.006(b) of the Texas Civil Practice and Remedies Code (CPRC)). Bergin's reliance on CPRC Section 37.006(b) is misplaced. Section 37.006(b) merely provides that the Texas Attorney General must be served with a copy of a proceeding when the constitutionality of a Texas statute is challenged, and the Attorney General is entitled to be heard on the issue of constitutional validity. *See* TEX. CIV. PRAC. & REM. CODE § 37.006(b). The Attorney General's entitlement to be heard on issues concerning the *constitutional validity* of Chapter 821 provides no indication whatsoever that the Attorney General is charged or connected in any way with the *enforcement* of Chapter 821.

\* \* \*

Because Bergin's claims against the State Defendants are barred by immunity under the Eleventh Amendment and the *Ex parte Young* exception does not apply, the State Defendants' Rule 12(b)(1) motion is **GRANTED**.

### IV. CONCLUSION

It is therefore **ORDERED** that Defendants the State of Texas and Attorney General Ken Paxton's Motion to Dismiss Plaintiff's First Amended Complaint, (Dkt. #26), is **GRANTED**. Plaintiff's claims against the State of Texas and Attorney General Ken Paxton are hereby **DISMISSED** for lack of subject-matter jurisdiction.

**So ORDERED and SIGNED this 22nd day of March, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE