UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GEORGE BERGIN | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-017-SDJ |
| | § | |
| THE STATE OF TEXAS, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Local authorities in Hopkins County, Texas, determined that livestock owned by Plaintiff George Bergin, a cattle rancher, were being mistreated. Acting under the provisions of Chapter 821 of the Texas Health and Safety Code, a Hopkins County justice of the peace issued a warrant for the seizure of cattle from Bergin's land for the "unreasonable deprivation of necessary food, care, or shelter." (Dkt. #22). According to Bergin, he was arrested, 605 cattle and four donkeys were removed from his property and ultimately sold at auction weeks later, and he was assessed fines in excess of $250,000 for cruel treatment of the animals.

Bergin has filed suit against Defendants Lewis Tatum, as Sheriff of Hopkins County and individually, and Dusty Rabe, as Hopkins County Attorney and individually.[1] Although not a model of clarity, it appears that Bergin's First Amended Complaint, his live pleading, asserts four claims, pursuant to 42 U.S.C. § 1983, that various provisions of Chapter 821, as applied to him, violate the Fourth, Fifth,

---

[1] Bergin also initially brought suit against the State of Texas and Attorney General Paxton in his official capacity. In a previous Memorandum Opinion and Order, (Dkt. #35), the Court dismissed all claims against those Defendants for lack of subject-matter jurisdiction.

1

Eighth, and Fourteenth Amendments to the United States Constitution, as well as an additional claim that Chapter 821's provisions violate the Texas Constitution.

As set forth below, in advance of considering the motions before it, the Court *sua sponte* assesses subject-matter jurisdiction and concludes that Bergin's claims regarding the livestock seizure and related state-court proceedings are barred by the *Rooker-Feldman* doctrine and must be **DISMISSED**.

The Court then considers Defendants Lewis Tatum and Dusty Rabe's Motion to Dismiss, (Dkt. #43),[2] in which Defendants argue that Bergin's claims against them should be dismissed for failure to state a claim, which the Court **GRANTS in part** with respect to Bergin's remaining claims regarding his arrest, as the applicable statute of limitations expired before Bergin brought suit.

Finally, the Court considers Bergin's Motion for Leave to File Amended Complaint, (Dkt. #48), in which Bergin requests leave to file a second amended complaint to "include specific factual allegations as to the involvement of Defendants Tatum and Rabe[,] address issues raised in Defendants' Motion to Dismiss," and to join Hopkins County as a defendant. (Dkt. #48 ¶¶ 3–4). Because Bergin's proposed Second Amended Complaint, (Dkt. #49), does not cure the jurisdictional deficiency or assert that the applicable statute of limitations should be tolled or is otherwise inapplicable to his claims regarding his arrest, his motion for leave to amend, (Dkt. #48), is futile and will be **DENIED**.

---

[2] Bergin did not file a response to this dismissal motion.

## I. Background

### A. Texas Health and Safety Code Chapter 821

Texas Health and Safety Code Chapter 821, concerning the "Treatment and Disposition of Animals," authorizes local authorities throughout Texas to undertake certain actions to prevent, mitigate, and punish the mistreatment of animals. *See, e.g.*, TEX. HEALTH & SAFETY CODE §§ 821.001–.025. As relevant here, Section 821.022 provides that, if "a peace officer or an officer who has responsibility for animal control in a county or municipality has reason to believe that an animal has been or is being cruelly treated," the officer may apply to "a justice court or magistrate in the county or to a municipal court in the municipality in which the animal is located for a warrant to seize the animal." *Id*. § 821.022(a). If probable cause is shown that the animal has been or is being cruelly treated, the local court or magistrate "shall issue the warrant" and set a hearing in the appropriate justice court within ten days to determine whether the animal has been cruelly treated. *Id*. § 821.022(b).

If the justice court ultimately determines that an animal has been cruelly treated, the statute provides that the owner "shall be divested of ownership of the animal" and the court shall order the public sale of the animal by auction, order the animal to be given to a local government animal shelter or a nonprofit animal welfare organization, or under certain circumstances order the animal humanely destroyed. *See id*. § 821.023(d). An owner divested of ownership of an animal under Section 821.023 may appeal that decision to a county court or county court at law in the county in which the justice or municipal court is located within ten days. *Id*.

§ 821.025(a), (b). The decision of the county court or county court at law is final and may not be appealed. *Id.* § 821.025(e).

## B. Bergin's Lawsuit

As Bergin describes, in December 2017, a Hopkins County justice of the peace issued a warrant for the seizure of Bergin's cattle under Section 821.022 based on allegations that Bergin was not adequately feeding his cattle. As a result, the Hopkins County Sheriff's Department arrested Bergin and seized all 605 cattle and four donkeys from his property. Bergin was charged with the crime of cruelty to livestock animals, and, after a hearing to determine whether impoundment of the livestock was warranted, the animals were sold at an auction. Bergin was also assessed a civil penalty in excess of $250,000. Bergin appealed to the county court, which affirmed the initial proceedings.[3]

Bergin disputes the procedural sufficiency and the merits of his arrest, along with the seizure and sale of his livestock. According to Bergin, the warrant for the seizure of his cattle was defective, the hearing regarding the seizure of his cattle did not afford him an adequate opportunity to present his case, the county officials—

---

[3] Bergin's allegations regarding the appeal are unclear and sparse. He alleges:

> The jury, at the final court of appeal available by statute in this matter—the County Court – was admonished vaguely and forced to make a single sweeping decision regarding all the animals together, with only the definition of "cruelty" pursuant to the Health and Safety Code, which mentions the Texas Penal Code directly, to guide them. This is insufficient in that it does not provide an option for the jury to determine whether any of Plaintiff's more than 600 animals were not "cruelly" treated, or whether any of Plaintiff's animals should be returned to Plaintiff based on their physical health or condition. (Dkt. #22 ¶ 62).

including the local county attorney who prosecuted the case against him—ignored contrary evidence that showed Bergin was not mistreating his cattle, and the jury at the appeal should have been given the opportunity to determine that at least some of his animals should have been returned to him. Bergin also alleges that there was no probable cause for his arrest.

Based on these contentions, Bergin asserts that, as applied to him and the seizure of his livestock, the provisions of Chapter 821 of the Health and Safety Code violate the Fourth Amendment's search and seizure provisions, the Fifth Amendment's due-process protections, the Eighth Amendment's Excessive Fines Clause, and the Fourteenth Amendment's Privileges or Immunities Clause. Bergin brings these claims pursuant to 42 U.S.C. § 1983. Bergin further claims that Chapter 821 violates his rights under the Texas Constitution, Article I, Sections 9, 13, and 19, "because [Bergin] has been unreasonably searched, seized, deprived of his property, not given due process of law, and fined excessively both monetarily and in kind, under law." (Dkt. #22 ¶ 26).

Bergin seeks money damages for the loss of his cattle and the cost of posting bail for his arrest. Bergin also requests a judgment declaring that Chapter 821 is "unconstitutional as applied against those who practice widely accepted animal husbandry and agricultural practices, and [Bergin] specifically," and a permanent injunction enjoining Defendants from enforcing Chapter 821 "against practitioners of widely accepted animal husbandry and agricultural practices." (Dkt. #22 at 20).

Defendants Tatum and Rabe have moved to dismiss Bergin's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. They argue that: Bergin failed to allege any action by Sheriff Tatum; Tatum, as a supervisor, cannot be held liable under 42 U.S.C. § 1983 on the basis of respondeat superior; Bergin's claim against County Attorney Rabe is barred by the doctrine of prosecutorial immunity; Bergin cannot state an official capacity claim; and Bergin's constitutional claims fail because the statute of limitations under Section 1983 has expired. (Dkt. #43). However, because the Court concludes it lacks subject-matter jurisdiction over Bergin's claims regarding the livestock seizure and ensuing state-court proceedings, it only reaches Defendants' argument that Bergin's constitutional claims regarding the constitutionality of his arrest fail because the applicable statute of limitations has expired.

## II. SUBJECT-MATTER JURISDICTION & *ROOKER-FELDMAN*

### A. Legal Standard

Although the parties do not contest the Court's jurisdiction, federal courts are duty-bound to examine their subject-matter jurisdiction *sua sponte*. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 694, 72 L.Ed.2d 492 (1982) (citing *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)); *H & D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000).

Federal district courts exercise limited subject-matter jurisdiction. *See Ins. Corp. of Ireland*, 456 U.S. at 701. When a specific basis for subject-matter jurisdiction

over a claim is absent, a district court has no power to adjudicate the claim. *See Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."). The party asserting federal jurisdiction bears the burden of establishing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

*Rooker-Feldman* is a jurisdictional doctrine that the Court can raise *sua sponte*. *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) (examining *sua sponte* subject matter jurisdiction pursuant to *Rooker-Feldman*). As outlined below, the *Rooker-Feldman* doctrine impacts the Court's subject-matter jurisdiction, so the question of whether this action is subject to dismissal under *Rooker-Feldman* must be addressed. *See id.*

## B. Discussion

### i. *Rooker-Feldman*

At its core, "the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (quoting *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013)). Under *Rooker–Feldman*, federal district courts lack jurisdiction to consider collateral attacks on state court judgments. *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d

900, 904 (5th Cir. 2011) (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). A state court judgment is "attacked" for purposes of this doctrine "when the federal claims are 'inextricably intertwined' with a challenged state court judgment . . . or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Id.* (cleaned up). The doctrine applies only to "final judgments rendered by a state's court of last resort." *Burciaga*, 871 F.3d at 384 (cleaned up). The doctrine does not preclude federal jurisdiction over an "'independent claim,' even 'one that denies a legal conclusion that a state court has reached.'" *Weaver*, 660 F.3d at 904 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

The Fifth Circuit has explained that "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts." *Liedtke*, 18 F.3d at 317. A state court's judgment is subject to review by the appropriate state appellate court, and federal review "is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Id.*

In sum, the *Rooker-Feldman* doctrine is narrow and comprises four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga,* 871 F.3d at 384 (citation omitted).

**ii. Bergin's claims regarding Chapter 821 are barred by *Rooker-Feldman***

Courts within this circuit have consistently concluded that *Rooker-Feldman* bars claims regarding Chapter 821 of the Texas Health and Safety Code concerning the seizure of animals, similar to those Bergin asserts. *See, e.g.*, *In re Hoffman*, No. AP 16-3222, 2019 WL 2501556, at *3–4 (S.D. Tex. June 14, 2019) (concluding that plaintiffs' claims seeking a declaratory judgment that horses seized under Chapter 821 belong to him and return of the horses were barred by *Rooker-Feldman*, as the claims were "nothing more than an attempt to relitigate the [state] cases [plaintiffs] lost" and the constitutional claims under 42 U.S.C. § 1983 "derive[d] from" the warrant authorizing seizure), *aff'd sub nom. Matter of Hoffman*, 795 F. App'x 291 (5th Cir. 2020), and *aff'd sub nom. Matter of Hoffman*, 955 F.3d 440 (5th Cir. 2020); *Paselk v. Texas*, No. 4:13-CV-097, 2013 WL 6187005, at *2, *3 (E.D. Tex. Nov. 26, 2013) (holding that *Rooker-Feldman* barred plaintiff's request to declare unconstitutional and vacate a warrant issued under Chapter 821 for seizure of fifty-five horses and to vacate the state court order awarding possession of seized horses, noting that plaintiff "was required to make these challenges in state court"); *Valentine v. Smith*, No. 1:04-CV-265-C, 2005 WL 8157939, *1, *3, *6 (N.D. Tex. Dec. 22, 2005) (concluding that *Rooker-Feldman* barred plaintiff's challenge to a state court's judgment that plaintiff cruelly treated fifty-three horses and one donkey and order that the animals be given to a shelter, as "[Plaintiff] cannot challenge the [state]

9

court's judgment against her in [federal district] court—which is exactly what she [was] attempting.").[4]

*Rooker-Feldman* similarly commands dismissal of Bergin's claims regarding the livestock seizure, the seizure warrant, and the state-court proceedings for lack of subject-matter jurisdiction. Bergin clearly lost in state court, as the state-court hearing determined that impoundment of his livestock was warranted, the animals were sold at an auction, Bergin was assessed a fine, and Bergin's appeal to the county court upheld these actions. He unquestionably alleges harm caused by the state-court judgment, in that he seeks a determination that Chapter 821 of the Health and Safety Code is unconstitutional as applied to him and money damages for the loss of his cattle. The state-court decision was rendered in or around December 2017, well before Bergin filed the instant suit in January 2020. Given that Bergin disputes the sufficiency of the seizure warrant and the hearing regarding the seizure of his cattle,

---

[4] *See also, e.g., Lupi v. Diven*, No. 1:20-CV-207-RP, 2020 WL 6324396, at *5 (W.D. Tex. Oct. 27, 2020) (recommending dismissal under *Rooker-Feldman* of plaintiffs' claims of: the alleged illegality of defendants' search and seizure of their dogs under Chapter 821; illegality of the seizure warrant; constitutional errors that occurred before and during the hearing before the state court; and plaintiffs' constitutional claims—because they were "inextricably intertwined" with the state-court judgment and proceedings regarding the seizure of the dogs); *Spencer v. Wilson*, No. CV 4:18-4563, 2020 WL 822096, at *3, *5 (S.D. Tex. Feb. 18, 2020) (holding that plaintiffs' claims for constitutional violations, declaratory relief, return of 231 seized cats, and damages resulting from a state-court judgment divesting them of ownership of the cats under Chapter 821 were barred by *Rooker-Feldman*), *appeal dismissed*, No. 20-20140, 2020 WL 5525159 (5th Cir. June 11, 2020); *Chambers v. SPCA of Tex.*, No. 3:06-CV-1957-K, 2007 WL 9712190, at *1, *4–5 (N.D. Tex. June 21, 2007), *report and recommendation adopted*, No. 3:06-CV-1957 K, 2007 WL 9712191 (N.D. Tex. July 9, 2007) (holding that *Rooker-Feldman* barred plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 18 U.S.C. § 1962 alleging that defendants violated her civil and constitutional rights through an allegedly improper forfeiture proceeding pursuant to Chapter 821 which divested her of ownership of 121 dogs and one cat, as her claims were "a direct invitation for [the] [c]ourt to review the validity of the state court's final order").

10

and that he seeks compensation for the value of his cattle, he is clearly seeking review and reversal of the state-court judgment. Bergin's suit thus satisfies the four *Rooker-Feldman* elements. *See Burciaga*, 871 F.3d at 384.

And "[e]ven if [Bergin's] federal civil rights were violated in the state court proceedings" as he insists in Counts II, III, and IV of his First Amended Complaint, those alleged constitutional errors are "'inextricably intertwined' with the state-court judgment and proceedings regarding the seizure of the [livestock]," which he "may not challenge" in federal district court. *See Spencer*, 2020 WL 822096, at *5; *Lupi*, 2020 WL 6324396, at *5, *6; (Dkt. #22 ¶¶ 39–62).

Further, there is no question that the judgment rendered against Bergin in the county court appeal was a "final judgment," as it determined Bergin's rights to the livestock and cannot be appealed to a higher state court.[5] *See Chambers*, 2007 WL 9712190, at *4 ("In this case, the state court's order of forfeiture was a final judgment because under the Texas statute governing the disposition of cruelly treated animals, an owner has no right to appeal an order that [divests him of ownership of the animals]."); *see also Burciaga*, 871 F.3d at 384 (citation omitted); *Matter of Meyerland Co.*, 960 F.2d 512, 516 (5th Cir. 1992) (quoting 28 U.S.C. § 1257(a)) ("Under the *Rooker–Feldman* line of cases, federal [law] defines 'final state court judgments'

---

[5] Because Bergin's claims regarding his state-court appeal are sparse and unclear, *see supra* n.3, the Court notes that even if Bergin had not appealed the initial decision to the county court, the decision rendered would be final, as the statute provides only one level of appeal and precludes all others. *See Paselk*, 2013 WL 6187005, at *2, *3 (holding that *Rooker-Feldman* barred claims similar to Bergin's where an appeal of the initial justice of the peace hearing either did not occur or was not noted by the district court).

11

as those 'rendered by the highest court of a state in which a decision could be had.'"); TEX. HEALTH & SAFETY CODE § 821.025 ("An owner divested of ownership of an animal under Section 821.023 may appeal the order to a county court or county court at law in the county in which the justice or municipal court is located . . . . [and] [t]he decision of the county court or county court at law under this section is final and may not be further appealed."). Bergin's transparent attempt to have this Court undo that final state-court judgment is barred by *Rooker-Feldman*.

* * *

Bergin's claims that Chapter 821 is unconstitutional under the U.S. and Texas Constitutions, his claims regarding the deficiency of the livestock-seizure warrant and state-court proceedings, and his request for damages for the loss of his livestock, make up a case which, when "stripped to essentials," is nothing more than a collateral "attack on the judgment of" a state court. *Liedtke*, 18 F.3d at 318. *Rooker-Feldman* divests this Court of jurisdiction over these claims, and they are accordingly **DISMISSED**.

### III. DEFENDANTS' MOTION TO DISMISS

*Rooker-Feldman* does not prohibit this Court from reviewing Bergin's independent claims unrelated to the animal seizure order. *See Weaver*, 660 F.3d at 904. Thus, the Court has subject-matter jurisdiction to review Bergin's claim that there was "no warrant for the arrest of Plaintiff on any record, nor [was] there an affidavit of probable cause to support Plaintiff's being imprisoned and falsely charged with State Jail Felony offense" of cruelty to livestock animals. (Dkt. #22 ¶ 27); *see*

*Lupi*, 2020 WL 6324396, at *6 (finding that though *Rooker-Feldman* required dismissal of plaintiff's effective appeal of the state-court judgment made pursuant to Chapter 821, the federal district court had subject-matter judication to review plaintiff's claims that officers violated her Fourth Amendment rights by detaining her without a warrant, among other claims). The Court evaluates these claims under Rule 12(b)(6) pursuant to Defendants' dismissal motion.

### A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a claim when the plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a probability that the defendant is liable is not required, the plausibility standard demands "more than a sheer possibility. . . ." *Id.*

In assessing a motion to dismiss under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation

omitted). Legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. To determine whether the plaintiff has pleaded enough to "nudge[] their claims across the line from conceivable to plausible," a court draws on its own "judicial experience and common sense." *Id.* at 679–80 (quoting *Twombly*, 550 U.S. at 570).

Because Bergin did not respond to Defendants' motion, the Court presumes that Bergin does not controvert the representations therein. *See* Local Rule CV-7(d).

**B. Discussion**

It is unclear exactly what Bergin's claims regarding his arrest are.[6] However, Bergin brings his federal claims, including his claim for damages for the cost of posting bail and his claims alleging that there was "no warrant for the arrest of Plaintiff on any record, nor [was] there an affidavit of probable cause to support Plaintiff's being imprisoned," pursuant to 42 U.S.C. § 1983. (Dkt. #22 ¶ 27); *see also* (Dkt. #22 at 9, 12, 15, 17). Because Congress has not adopted a statute of limitations for actions brought under Section 1983, the limitations period is determined by reference to the appropriate state statute of limitations and coordinate tolling rules. *Bd. of Regents of the Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790,

---

[6] At some points in his First Amended Complaint, Bergin asserts that there was a warrant for his arrest and that charges were filed against him, while at other points he seems to contradict these contentions. *Compare* (Dkt. #22 ¶¶ 27, 53 ("There is no warrant for the arrest of Plaintiff on any record, nor is there an affidavit of probable cause to support Plaintiff's being imprisoned and falsely charged with State Jail Felony offense of 'Cruelty to Livestock Animals Physical Ab.,'" which is "a Class A Misdemeanor.")), *with* (Dkt. #22 ¶¶ 22, 28, 55 ("Plaintiff was seized and held under the premise of civil warrants," "no criminal charges were carried out against [Bergin]," and "Plaintiff . . . was not pursued under the Texas Penal Code by County Attorneys for the State.")).

14

64 L.Ed.2d 440 (1980). In Section 1983 actions, district courts apply the forum state's personal-injury limitations period. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). In Texas, the general personal-injury limitations period is two years. *Id.*; TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

Though the statute of limitations is governed by Texas law, federal law controls when a cause of action under Section 1983 accrues, and pursuant to federal law, a cause of action accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Moore*, 30 F.3d at 620–21 (citing *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)); *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001) ("Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." (cleaned up)).

Bergin alleges that the incidents serving as the basis for this suit occurred on or about December 4, 2017. (Dkt. #22 ¶ 12). Defendants thus argue that Bergin's causes of action accrued on this date. (Dkt. #43 at 8). Because Bergin did not respond to Defendants' motion, the Court presumes that Bergin does not controvert this representation. *See* Local Rule CV-7(d). Bergin's causes of action thus accrued on December 4, 2017. The statute of limitations for any claim Bergin sought to bring regarding this arrest under Section 1983 therefore expired on December 4, 2019.

Bergin originally filed this suit on January 8, 2020, a month after the limitations period expired. *See* (Dkt. #1). He did not name Tatum or Rabe as parties until August 10, 2020, more than eight months after the limitations period expired.

15

*See* (Dkt. #22). Because his claims were not filed within the limitations period, they fail as a matter of law.

Bergin's claims regarding his allegations that there was "no warrant for the arrest of Plaintiff" and no "probable cause to support Plaintiff's being imprisoned," along with Bergin's claim for damages for the cost of posting bail, are **DISMISSED**.

### IV. BERGIN'S MOTION FOR LEAVE TO AMEND

**A. Legal Standard**

In the Fifth Circuit, Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank*, NA, 315 F.3d 533, 536 (5th Cir. 2003) (citing FED. R. CIV. P. 16(b)). A scheduling order may be modified "only for good cause" and "with the judge's consent." FED. R. CIV. P. 16(b)(4).

Once the movant has demonstrated good cause, the "more liberal standard of Rule 15(a) appl[ies] to the district court's decision to grant or deny leave." *S&W Enters.*, 315 F.3d at 536. Under Rule 15(a), courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). This rule "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (citation omitted). In making this determination, courts may consider factors "such as whether there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (quotation omitted).

16

Amendment is futile where the amendment would fail to state a claim under Rule 12(b)(6). *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (citing *Lewis v. Fresne*, 252 F.3d 352, 360 n.7 (5th Cir. 2001)).

**B. Bergin's Proposed Amendments**

The deadline for Bergin to move for leave to amend his complaint was August 26, 2020. (Dkt. #16 at 1). Rule 16(b)(4) thus governs Bergin's motion for leave to amend, *see S&W Enters.*, 315 F.3d at 536, but the Court need not undertake the good-cause analysis because amendment is futile and will be denied.

Bergin "seeks to file his Second Amended Complaint to include specific factual allegations as to the involvement of Defendants Tatum and Rabe and to address issues raised in Defendants' Motion to Dismiss" and "to join Defendant Hopkins County, Texas, resolving the prior misidentification of the State of Texas." (Dkt. #48 ¶¶ 3–4).[7] Defendants oppose the motion, arguing, among other things, that amendment would be futile because the statute of limitations for Bergin's claims has passed. (Dkt. #51 at 6–7).

Bergin's proposed amendments to his complaint merely add allegations that Tatum and Rabe were directly involved in the events giving rise to his existing claims, attempts to add the county as a defendant, and includes some additional factual detail. *See* (Dkt. #49). If the Court allowed amendment, it would still not have subject-matter jurisdiction over Bergin's claims regarding the livestock seizure and state-court proceedings under Chapter 821 under the *Rooker-Feldman* doctrine. The

---

[7] The Court also notes that the deadline to add parties was July 15, 2020. (Dkt. #16 at 1).

17

proposed amendments also do not allege that the statute of limitations for Bergin's remaining claims regarding his arrest should be tolled or is otherwise inapplicable. The proposed amended complaint would thus still be subject to dismissal under Rule 12(b)(6). Bergin's proposed amendment is therefore futile, *see In re Life Partners Holdings*, 926 F.3d at 125, and his Motion for Leave to File Amended Complaint, (Dkt. #48), is **DENIED**.

## V. Conclusion

For the foregoing reasons, it is **ORDERED** that Bergin's claims against Tatum and Rabe regarding Chapter 821's alleged unconstitutionality, his claims regarding the deficiency of the livestock-seizure warrant and state-court proceedings, and his request for money damages for the loss of his livestock are hereby **DISMISSED for lack of subject-matter jurisdiction.**

It is further **ORDERED** that Defendants Lewis Tatum and Dusty Rabe's Motion to Dismiss, (Dkt. #43), is **GRANTED in part** to the extent the motion seeks dismissal of Bergin's claims regarding his allegations that there was "no warrant for the arrest of Plaintiff" or "probable cause to support Plaintiff's being imprisoned" and his claims for money damages for the cost of posting bail for his arrest. All other relief requested therein is **DENIED as moot**.

Finally, it is **ORDERED** that Bergin's Motion for Leave to File Amended Complaint, (Dkt. #48), is **DENIED**.

**So ORDERED and SIGNED this 23rd day of March, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE